# Claim Chart of U.S. Patent 12,021,784 for Claim 1

| **‘784 Claim 1** | **Mr. Hoffman’s Alleged Infringing Active Safety Selector (Super Safety$^{tm}$)** | **Expired 7,398,723 Patent** |
|---|---|---|
| <br>FIG. 7<br><br>1. In a forced reset trigger mechanism, an extended trigger member locking device, comprising: | <br><br>When installed and used as directed, the Super Safety is part of a forced reset trigger mechanism and functions as an extended trigger member locking device.<br><br>*As established below, Mr. Hoffman’s device is not comparable the claimed “extended trigger member locking device” addressed and claimed in the ‘784 patent.* | <br>FIG. 2<br><br>When installed and used as directed, the ‘723 device is part of a forced reset trigger mechanism and functions as an extended trigger member locking device.<br><br>*To the extent Plaintiff argues the Super Safety to be an “extended trigger member locking device”, then so is the ‘723 device.* |
| (a) a locking member that is movable between a first position in which it locks a trigger against pulling movement | The Super Safety operates as a locking member and has a first position in which the Super Safety locks the trigger member against pulling movement. | The ‘723 device has a locking member (green and orange with narrow hashing parts in combination) that is movable between a first position in which it locks the trigger member (pink) against pulling movement. |

**Claim Chart of U.S. Patent 12,021,784 for Claim 1**

| | | |
|---|---|---|
| (b) and a second position where it does not restrict movement of the trigger member, | The Super Safety is moveable from the first position to a second position where it does not restrict movement of the trigger member. | In the '723 device the locking member is moveable from the first position to a second position where it does not restrict movement of the trigger member (pink). |
| (c) the locking member configured to be movably supported by a frame | The Super Safety is movably supported by a frame (the lower receiver).<br><br>*This is true of any cam having ends running through or otherwise supported by the frame.* | The '723 device is movably supported by a frame (the lower receiver).<br><br>*This is true of any cam having ends running through or otherwise supported by the frame.* |
| (d) and including a generally upward extension portion configured to make actuating contact with a surface of the bolt carrier,<br><br>*The "upward extension portion" being a separate portion from "the remainder of the locking member"*. Col 1. Lines 66-67 – Col. 2 Lines 1-5. | The Super Safety has an upward extending portion (lever arm) configured to make actuating contact with a surface of the bolt carrier.<br><br>*The Super Safety has a vertical lever extending from the safety selector cam that contacts the surface of the bolt carrier.* | The '723 device has an upward extending portion (green trigger reset cam) configured to make actuating contact with a surface of the bolt carrier (purple). |
| (e) such actuating contact causing the locking member to move from the first position to the second position | The actuating contact causes the locking member to move from the first position to the second position.<br><br>*The Super Safety lacks any structure that is comparable to the claimed "locking member" at least because to the extent the Super Safety is argued to have an "extension portion", that portion of the Super Safety is solid metal and cannot deflect or fold or hinge and does not avoid interfering contact with the forward* | The actuating contact causes the locking member to move from the first position to the second position.<br><br>*To the extent Plaintiffs expand their claim scope to argue that Mr. Hoffman's design includes the claimed "locking member" then so does the '723 device as represented in the orange block with narrow hashing in the representation above.* |

**Claim Chart of U.S. Patent 12,021,784 for Claim 1**

| | | |
|---|---|---|
| | *portion of the bolt carrier as the bolt carrier cycles to the rear.*[1] | |
| (f) the locking member having a body portion that is movably supported | The Super Safety has a body portion that is movably supported by the lower receiver.<br><br>*The Super Safety lacks any structure comparable to the "body portion" of the '784 patent.* | The '723 device has a body portion (orange with narrow hashing) that is movably supported by the lower receiver. |
| (g) and an upwardly extending deflectable portion that is separately movable relative to the body portion between an extended position and a deflected position.<br><br>*The locking member must have two parts to have an extension part that gives way, deflects, or folds to be "separately movable" relative to a body portion that does not pivot with the extension part. Such two-part construction* | The Super Safety has an upwardly extending deflectable portion (lever arm).<br><br>*Plaintiffs attempt to take the two piece locking member of the '784 patent and apply the characteristics requiring two independent pieces to the Super Safety's single vertical lever and safety selector cam, stating that:* "The dovetail connection is designed to allow separate movement of the lever arm relative to the body portion between one position where it is extended and another position where it is deflected." | The '723 device has an upwardly extending deflectable portion (green) that is separately movable relative to the body portion (orange with narrow hashing) between an extended position and a deflected position.<br><br>*To the extent Plaintiffs expand this claim language to Mr. Hoffman's design including the claimed "upwardly extending deflectable portion that is separately movable relative to the body portion between an extended position and a deflected position" their expansion ensnares the '723 device as the* |

[1] '748 Patent: "The present invention provides a deflectable extension of the locking member that is actuated by forward movement of the bolt carrier, but deflects or folds to avoid interfering contact with the forward portion of the bolt carrier as the bolt carrier cycles to the rear." Col. 1, Lines 48-52 (emphasis added). "Two example embodiments are illustrated having a one-way hinge feature that causes the locking member to pivot in one direction when actuated by a rear portion of the bolt carrier as it returns to the in-battery position and to give way (i.e. deflect or fold) without pivoting the remainder of the locking member when contacted by the forward portion of the bolt carrier as it cycles to the rear." Col 1. Lines 66-67 – Col. 2 Lines 1-5 (emphasis added). "As best indicated in FIG. 4, the locking member body 26 and foldable extension 22…" Col. 3, Lines 50-51. "Rearward force applied to the foldable extension 22 from the front toward the rear causes the foldable extension 22 to fold on the pivot pin 24 and allow the bolt carrier 16 to pass without causing pivotal movement of the locking member body 26. Col. 3, Lines 56-60 (emphasis added). *Thus, the locking member of the '784 patent must have two parts to have a part (extension) that gives way, deflects, or folds without pivoting the body portion of the locking member. Such two-part construction is an essential element of operability.* The "second embodiment" refers to the design shown in 'U.S. Pat. No 11,346,627 which has a sliding locking bar and has nothing in common with what is shown in the '748 patent or the Super Safety.

**Claim Chart of U.S. Patent 12,021,784 for Claim 1**

| | | |
|---|---|---|
| *is an essential element of the stated operability.* [1, 2] | *The Super Safety lacks any structure that includes an "upwardly extending deflectable portion that is separately movable relative to the body portion between an extended position and a deflected position" as these terms are defined and used in the '784 Patent.*<br><br>*1) As addressed in footnote 1, the extension of the '784 patent deflects, folds, or hinges out of the way of the bolt carrier. The key commonality is that the extended portion of the locking member shortens in vertical length to avoid the bolt carrier. The extension of the '784 patent does not move out of the way while retaining complete vertical length – it shortens using a hinge. Plaintiffs' attempt to provide the term "deflects" with a new definition to cover the movement of the vertical lever of the Super Safety is not supported in the '784 patent.* [1] *Hence, the Super Safety lacks the required* "upwardly extending deflectable portion that is separably movable" *and does not infringe any claim of the '784 patent.*<br>*2) The body portion of the '784 patent locking member does not pivot or* | *upwardly extending trigger reset cam (green) moves into extended and deflected positions and is separately movable relative to the body portion* (orange with narrow hashing). |

## Claim Chart of U.S. Patent 12,021,784 for Claim 1

| | | |
|---|---|---|
| | *displace with the foldable extension.*[2] *In direct contrast, in the Super Safety the bolt carrier cannot pass the vertical lever without causing the safety selector cam to pivot in response to movement of the vertical lever. Thus, if the vertical lever of the Super Safety is characterized as the "extended portion" of the '784 locking member, then the safety selector cam of the Super Safety cannot be the required non-pivoting "body portion" of the locking member of the '784 patent. Hence, the Super Safety lacks the required "*body portion*" and does not infringe any claim of the '784 patent.* | |

[2] "Two example embodiments are illustrated having a one-way hinge feature that causes the locking member to pivot in one direction when actuated by a rear portion of the bolt carrier as it returns to the in-battery position and to give way (i.e. deflect or fold) **without pivoting the remainder of the locking member when contacted by the forward portion of the bolt carrier as it cycles to the rear**." Col 1. Lines 66-67 – Col. 2 Lines 1-5 (the "remainder of the locking member" is the "body" portion of the locking member) (emphasis added). "Rearward force applied to the foldable extension 22 from the front toward the rear causes the foldable extension 22 to fold on the pivot pin 24 and allow the bolt carrier 16 to pass **without causing pivotal movement of the locking member body 26**. Col. 3, Lines 56-60 (emphasis added). As the bolt carrier 16 reciprocates to the rear (arrow 44 in FIG. 7), a lower side surface of the bolt carrier 16 contacts the foldable extension portion 22 causing it to pivot toward the rear on the pivot pin 24 and against the bias of the spring 28 **without displacing the locking bar body 26**. Col. 4, Lines 26-31 (the "locking bar body" is the "body portion" of the locking member) (emphasis added).